OPINION
Defendant-appellant Chuck Daughterman appeals from the May 2, 2001, Entry of the Richland County Court of Common Pleas adjudicating him a sexual predator as defined in R.C. 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On January 9, 1991, the Richland County Grand jury indicted appellant in Case No. 91-CR-42 on one count of gross sexual imposition in violation of R.C. 2907.05, a felony of the third degree. The indictment specifically alleged that appellant had sexual contact with an individual under 13 years of age on or about June of 1989. At his arraignment on January 15, 1991, appellant entered a plea of not guilty to the charge contained in the indictment.
Subsequently, on May 15, 1991, appellant withdraw his former not guilty plea and pled guilty to gross sexual imposition. Following a presentence investigation, appellant, on August 15, 1991, was sentenced to two years in prison. However, following a hearing on November 7, 1991, appellant was released from prison on shock probation and placed on three years probation. As part of his probation, appellant was ordered to participate in sex offender counseling.
On May 22, 1992, a Bill of Information was filed in Case No. 92-CR-294H alleging that appellant committed the offense of attempted rape in violation of R.C. 2923.02, an aggravated felony of the second degree, in March of 1988. On May 22, 1992, after pleading no contest to the charge of attempted rape, the trial court found appellant guilty of the same. As memorialized in a Judgment Entry filed on November 23, 1992, appellant was sentenced to a prison sentence of four to fifteen years. The trial court, in its entry, ordered that appellant's sentence in Case No. 92-CR-294H be served consecutively to his sentence in Case No. 91-CR-42. The trial court further ordered that appellant's prison sentence be suspended and that appellant be placed on probation for a period of three years.
Thereafter, in February of 1993, a probation violation was filed against appellant in both cases after appellant was unsuccessfully terminated from a sex offender program and from a halfway house. Appellant, on March 25, 1993, pled guilty to the probation violation and his original aggregate sentence of six to fifteen years was reimposed.
After appellee, on January 25, 2001, filed a "Petition for Designation of Sexual Predator Status and Request for Hearing", a sexual predator hearing was held before the trial court on May 1, 2001. Pursuant to a Judgment Entry filed the next day, the trial court adjudicated appellant a sexual predator as defined in R.C. 2950.01(E). The trial court, in its entry, stated as follows:
 Defendant molested at least seven children ages 4 to 18. After being convicted in Case No. 91-CR-42 and while on probation undergoing treatment, he committed new felonies. He was thrown out of treatment and counseling. Forensic studies done at the time of his earlier arrests indicate that their [sic] were four more victims. Defendant used force on some of his victims. He cannot be allowed freedom in any community without all possible victims being advised of his presence. No report by any psychologist would find other than this defendant is a predator.
It is from the trial court's May 2, 2001, Judgment Entry that appellant now prosecutes his appeal, raising the following assignments of error:
 THE TRIAL COURT ABUSED ITS DECISION WHERE IT DID NOT PROVIDE AN EXPERT WITNESS TO THE DEFENDANT AT THIS 2950.09 SEXUAL OFFENDER CLASSIFICATION HEARING.
 THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
For purposes of clarity, we shall address appellant's assignments of error out of sequence.
 II
Appellant, in his second assignment of error, contends that the trial court's decision adjudicating him a sexual predator is against the manifest weight of the evidence. We disagree.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making a determination as to whether an offender should be adjudicated a sexual predator, the trial court shall consider all relevant factors, including, but not limited to all of the factors specified in division (B)(2) of R.C. 2950.09. See R.C. 2950.09(C)(2)(b). Those factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
The trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C. 2950.09(C)(2)(b). We review appellant's assignment of error under the manifest weight of the evidence standard set forth in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279; See e.g. State v. Elbert (March 20, 2000), Stark App. No. 1999CA00193, unreported, 2000 WL 329899. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
Upon our review of the record, we find that the trial court's adjudication of appellant as a sexual predator was supported by competent, credible evidence. At the sexual predator hearing held on May 1, 2001, Jeff McBride of the Richland County Sheriff's Office testified. McBride, who investigated appellant in 1990 and 1992, testified that appellant confessed to fondling the penis of a nine year old in June of 1989 in the restroom at the Community Bible Church. At the time, appellant was 20 years old. McBride also testified that appellant's victim in the attempted rape case was 12 years of age and that "[a]ccording to Mr. Daughterman, there was a total of at least ten that he could remember and he could name, boys that he was involved with, which he was involved with sexual contact or sexual conduct activities". Transcript at 9. All of appellant's victims were boys ranging, in general, from 7 to 12 years of age. Whereas the sexual contact involved the touching of genitalia, the sexual conduct consisted of anal intercourse.
During his investigation, McBride discovered that the sexual activities involving appellant and his victims took place at churches, at a zoo, at a gas station and at various residences. He also discovered that appellant, for a while, was employed in a school as a janitor. In short, evidence was adduced that appellant frequented places where children were likely to be present so as to befriend them. While McBride testified that he had no findings that appellant physically held down or restrained his victims, he testified that appellant acknowledged that "obviously some of the boys did not want to engage in the activity and told him no, and he still continued to persist and then engage in the sexual contact and contact occurrences." Transcript at 13-14. Appellant, according to McBride, would then tell his victims not to tell anyone about the sexual acts. Appellant's voluntary statements to McBride, which were dated September 12, 1990, and March 2, 1992, were admitted into evidence at the hearing.
We find that the young age of appellant's multiple victims, the fact that appellant molested victims over a period of years who he met while frequenting places where children were likely to be present, and the fact that appellant acknowledged that he continued to engage in sexual activity even after some of his victims protested all mitigate in favor of the trial court's decision adjudicating appellant a sexual predator. Accordingly, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the trial court's findings. We further find that the evidence presented and the findings made by the trial court support the finding that appellant is a sexual predator under R.C. 2950.01(E) by clear and convincing evidence and that said finding is not against the manifest weight of the evidence. Appellant's second assignment of error is, therefore, overruled.
 I
Appellant, in his first assignment of error, contends that the trial court abused its discretion in denying appellant's request for an expert witness at the sexual predator hearing. At the sexual predator hearing, appellant's oral request for an independent psychological examination was denied by the trial court. Appellant argues that without the same, the trial court could not determine that appellant was likely to reoffend in the future. However, we find that the trial court did not abuse its discretion in denying appellant's request for an expert witness.
The Ohio Supreme Court has stated that "[a]n expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)." Statev. Eppinger (2001), 91 Ohio St.3d 158, at syllabus. The Ohio Supreme Court, in Eppinger, noted that an expert witness, such as a psychologist, may not be necessary if the offender has more than one sexually oriented offense convictions or clearly fits within a variety of factors listed in R.C. 2950.09(B)(2)(a) through (j). Hence, there may be sufficient evidence presented at the hearing, absent the testimony of an expert, which would relate to the likelihood of reoffending. Eppinger,91 Ohio St.3d at 162. In such cases, there may be no need to appoint an expert. The Court specifically acknowledged that "an offender who preys on children, for example, may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism." Id.
In the case sub judice, the record demonstrates that a psychologist's services were not reasonably necessary to determine whether appellant was likely to engage in the future in one or more sexually oriented offenses. As is set forth in detail above, the record reveals that appellant engaged in sexual contact or activity with multiple young victims over a period of time, that appellant continued to engage in such acts despite his victims' protests and then told his victims not to tell anyone, and that appellant sexually molested his victims at churches, a zoo, or at locations where children were likely to be present. These circumstances are sufficient for us to find that appellant met enough of the factors so that we find that the trial court did not abuse its discretion in denying appellant's request for a psychologist.
Appellant's first assignment of error is, therefore, overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed.
Costs to appellant.
Hon. William Hoffman, P.J., Hon. W. Scott Gwin, J., Hon. Julie Edwards, J., concur.